**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-7655**
_____

UNITED STATES OF AMERICA,

              Petitioner - Appellee,

     v.

HOBART J. BARRETT, JR.,

              Respondent - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Louise W. Flanagan, District Judge; Bernard A. Friedman, Senior District Judge, sitting by designation. (5:07-hc-02097-FL-JG)

_____

Submitted:  December 10, 2012    Decided:  December 20, 2012

_____

Before MOTZ, KING, and AGEE, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Lewis A. Thompson, III, BANZET, THOMPSON & STYERS, PLLC, Warrenton, North Carolina, for Appellant.  Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, W. Ellis Boyle, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Hobart J. Barrett, Jr., appeals the district court's order of civil commitment upon finding him a sexually dangerous person. On appeal, Barrett contends that the district court abused its discretion in denying the motion to withdraw an examiner's report and that the district court's then-applicable standing order[*] conflicted with the civil commitment statutes, depriving him of due process. Finding no error, we affirm.

In a civil commitment proceeding, "the court may order that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or psychological report be filed with the court." 18 U.S.C. § 4248 (2006). The examiner must be designated by the court; however, the respondent in a § 4248 proceeding may select an additional examiner. 18 U.S.C. § 4247(b) (2006). The examiner or examiners so designated must prepare reports to be filed with the district court. 18 U.S.C. § 4247(c). Section 4247 does not provide for the withdrawal of examiners or their reports. With the above statutes in mind, we conclude that the district court did not abuse its discretion in denying Barrett's motion to withdraw an examiner's report. See United States v. Basham, 561 F.3d 302, 325 (4th Cir. 2009)

---

[*] The standing order has since been superseded by a revised standing order.

2

(reviewing evidentiary rulings for abuse of discretion). Additionally, we conclude that the district court did not err in finding that the then-applicable standing order did not directly conflict with the process set out in §§ 4247 and 4248 for designating examiners.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED